**Darrel Demont FARRAR, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–01–00231–CR.

Court of Appeals of Texas, Eastland.

Dec. 19, 2002.

---

Chrissi Gumbert, Richardson, for Appellant.

Bill Hill, Criminal District Attorney–Appellate Section, Dallas, for Appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

Appellant entered an open plea of guilty to the offense of unlawful possession of cocaine. The trial court accepted his plea of guilty and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 15 years. Prior to entering his guilty plea, appellant filed a motion to quash the indictment on the basis that the proceedings were barred by the applicable statute of limitations. Appellant complains of the trial court's denial of the motion to quash the indictment in his sole issue on appeal. We affirm.

The underlying proceedings in this appeal are unusual. The indictment alleged that appellant committed the offense in question on or about August 8, 1996. The indictment was not returned by the grand jury until February of 2001. The parties acknowledge that the offense in question is subject to a three-year statute of limitations under TEX. CODE CRIM. PRO. ANN. art. 12.01(5) (Vernon Supp.2003). The State relies on TEX. CODE CRIM. PRO. ANN. art. 12.05(a) (Vernon 1977) to argue that the statute of limitations was tolled by appellant's absence from the State during the applicable three-year period. However, the indictment did not allege any facts invoking the tolling provision of Article 12.05(a). The indictment was, therefore, limitations-barred on its face.

Appellant filed a motion to quash the indictment. The trial court conducted a brief hearing on appellant's motion to quash. The hearing commenced with the trial court taking judicial notice of the date of the offense alleged in the indictment and the date the indictment was returned.

Despite the indictment's obvious pleading defect, the trial court did not immediately grant appellant's facial challenge of the indictment. Instead, the trial court heard testimony concerning appellant's whereabouts for the three-year period following the date of the offense. Appellant testified on direct examination that he resided in Texas from August of 1996 until October of 1999 when he moved out of state. On cross-examination, appellant admitted that he was arrested in another state in 1998. He further admitted to using an alias at the time of his arrest. He testified on redirect that the 1998 arrest occurred during a one-week trip that he made out of state. No other evidence was presented at the hearing other than appellant's testimony outlined above. The trial court denied appellant's motion to quash the indictment based on its factual determination that appellant was absent from the state during the limitations period.

■ Appellant subsequently entered an open plea of guilty to the offense. Prior to entering a finding of appellant's guilt, the trial court heard testimony directed toward punishment. This testimony included evidence of appellant's whereabouts during the applicable three-year period. Appellant testified that he agreed to be a police informant immediately after his arrest. He received a death threat in 1996 with respect to a case in which he was supposed to testify. Appellant testified that he "made scarce from that point on." He admitted on cross-examination that he left the state after being arrested for the offense at issue in this proceeding.[1]

The Court of Criminal Appeals recently adopted the following procedural framework for the presentation of a statute of limitations defense in *Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Cr.App.1998):

> Before trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure. At trial, the defendant may assert the defense by requesting a jury instruction on limitations if there is some evidence before the jury, from any source, that the prosecution is limitations-barred. If there is some such evidence and the defendant requests a jury instruction on the limitations defense, then the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred. Finally, the defendant may, either before trial or at trial, waive the statute of limitations defense. (Citation omitted)

■ This appeal concerns a motion to quash an indictment filed under TEX. CODE CRIM. PRO. ANN. art. 27.08(2) (Vernon 1989) as recognized by *Proctor.* This provision permits a "substance" exception to an indictment or information when it appears from the face of the instrument that a prosecution for the offense is barred by time. Article 27.08(2) permits the accused to attack the State's defective indictment or information. The remedy for this pleading error is either the dismissal or amendment of the indictment or information. See TEX. CODE CRIM. PRO. ANN. arts. 28.06, 28.09, & 28.10 (Vernon 1989). Appellant filed his motion to quash under Article 27.08(2), asserting a facial challenge to the indictment. However, his contentions were not limited to the State's pleading error. Appellant also

---

1. Appellant argues that the testimony offered at the punishment hearing cannot be considered on appeal because it was not offered at the hearing on the motion to quash the indictment. We agree with the concurring opinion's determination that this evidence can be considered on appeal under *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Cr.App.), *cert. den'd*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996).

sought and obtained a pretrial determination of the facts underlying his limitations defense. He is essentially attacking the trial court's pretrial determination of these facts in this appeal.[2]

The matters which can be reviewed on a pretrial basis with respect to indictments and informations are limited. *State v. Rosenbaum*, 910 S.W.2d 934 (Tex.Cr.App.1995)(opinion adopting dissent on grant of rehearing). The Court of Criminal Appeals held in *Rosenbaum* that a trial court may not go behind the face of an indictment to conduct a "minitrial on the merits" of allegations made in a charging instrument. *State v. Rosenbaum*, supra at 947–48. "An indictment must be facially tested by itself under the law, as a pleading; it can neither be supported nor defeated as such by what evidence is introduced on trial." *State v. Rosenbaum*, supra at 948. The court further noted that "substance" exceptions to charging instruments "constitute facial attacks on the charging instrument itself without introduction, examination or consideration of supporting evidence." *State v. Rosenbaum*, supra at 945. The Court of Criminal Appeals recently addressed the pretrial consideration of a limitations defense in *Ex parte Tamez*, 38 S.W.3d 159 (Tex.Cr. App.2001). The court recognized that a defendant is permitted to pursue a pretrial writ of habeas corpus when the State's pleading, on its face, shows that the offense charged is barred by limitations. *Ex parte Tamez*, supra at 160. The court then held that the reviewing court's inquiry is limited to a consideration of the face of the pleading. *Ex parte Tamez*, supra at 160.

■ The court in *Proctor* held that a limitations defense presented prior to trial is to be filed "under" Article 27.08(2). *Proctor v. State*, supra at 844. The court's use of the word "under" indicates that the rules and procedures for motions filed under Article 27.08(2) to set aside indictments and informations are to be applied. As per the holding in *Rosenbaum*, appellant was not entitled to a pretrial determination of the facts surrounding the issues of limitations and tolling. Appellant cannot complain of an adverse ruling made by the trial court on a matter which the trial court was not permitted to consider. The trial court's denial of his limitations defense based upon a pretrial assessment of the evidentiary facts surrounding the defense, therefore, did not constitute error. Appellant's sole point of error is overruled.

The concurring opinion suggests that the State had the burden of proving beyond a reasonable doubt that appellant's prosecution was not limitations barred. In light of our holding that appellant was not entitled to a pretrial determination of the facts surrounding his limitations defense, we disagree with the suggestion that the State had the burden of proof if such a hearing were held. We agree that the State bears the burden of proof on a pretrial determination of an entrapment defense. However, the defense of entrapment is an exception to the rule prohibiting pretrial factual determinations on the

2. Appellant's sole issue on appeal reads: "The indictment is barred by the statute of limitations." A cursory reading of this issue indicates that appellant is attacking the State's pleading error. However, appellant's briefs indicate that he is attacking the trial court's assessment of the proof offered regarding the tolling of limitations. Moreover, appellant waived any error with respect to language of the indictment. Appellant and his trial counsel executed a written plea agreement in connection with his guilty plea which contained the following waiver: *"I hereby waive my right to be tried upon an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument."* (Emphasis added)

merits as noted by the court in *Rosenbaum*. *State v. Rosenbaum,* supra at 947; see TEX. CODE CRIM. PRO. ANN. art. 28.01(9) (Vernon 1989). "The entrapment defense is unique in that the Legislature deliberately provided it may be tested and determined at a pretrial hearing." *Taylor v. State,* 886 S.W.2d 262, 265 (Tex.Cr.App. 1994). In the absence of a legislative provision for a pretrial determination of the facts supporting or defeating a limitations claim, we disagree with the assertion that the procedures for considering an entrapment defense are applicable to a limitations defense.

The judgment of the trial court is affirmed.

JIM R. WRIGHT, Justice, concurring.

For the reasons stated in this opinion, I would hold that, under our current law, the State was required to and did prove beyond a reasonable doubt that the prosecution was not limitations-barred. I would agree with the majority that appellant waived any error in connection with the ruling on his motion to quash. However, I would hold that the trial court was exercising appropriate discretion when it conducted an evidentiary pretrial hearing on appellant's motion to quash the indictment. At the risk of being redundant, I find it necessary to reiterate certain factual observations from the record.

Before he entered his guilty plea, appellant filed a motion to quash the indictment. In his motion, appellant argued that the prosecution was barred by limitations. Appellant and the State acknowledge that the offense charged in this case is subject to a three-year statute of limitations. Article 12.01(5). The State acknowledges that, on its face, the indictment appears to be barred by limitations, but argues that the statute was tolled by appellant's absence from the state during a portion of the applicable three-year period and also argues that, during that time, appellant used an alias which made his apprehension more difficult. The State did not address tolling in the indictment.

In its findings, the trial court found that the State proved that the limitations period was tolled because appellant was out of state for a period of time during the pendency of the indictment. The court also noted that appellant used an alias during this period of time, making his apprehension more difficult. Appellant disagrees with the trial court's ruling, and he presents one issue to this court: "The indictment is barred by the statute of limitations." In order to assess appellant's complaint properly, I believe that it is necessary first to determine whether the trial court properly could have conducted an evidentiary pretrial hearing on the motion. Next, if such a hearing is proper, what is the correct standard by which an appellate court should review the trial court's ruling on the motion?

The issue of limitations may be raised, among other ways, by filing a pretrial motion to dismiss under Article 27.08(2). *Proctor v. State,* 967 S.W.2d at 844. Article 27.08(2) provides in part:

There is no exception to the substance of an indictment or information except: (2) That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time.

An exception to the substance of an indictment is a matter that can be raised pretrial under TEX. CODE CRIM. PRO. ANN. art. 28.01 (Vernon 1989). Article 28.01 provides in relevant part:

Sec. 1. The court *may* set any criminal case for a pretrial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to ap-

pear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pretrial proceeding. The pretrial hearing shall be to determine any of the following matters:

(4) Exceptions to the form or substance of the indictment or information. (Emphasis added)[3]

I would hold that Article 27.08(2) provides for exceptions to indictments and that a vehicle for presenting such exceptions lies in Article 28.01. It appears to me that the trial court, while not required to conduct a pretrial hearing on appellant's motion, acted within its discretion when it did. Although Article 28.01 authorizes the trial court to set any criminal case for a pretrial hearing before the case is set for trial upon the merits, the language is not mandatory but, rather, is directed to the trial court's discretion. *Hicks v. State*, 508 S.W.2d 400, 403 (Tex.Cr.App.1974). Because I would hold that it was within the discretion of the trial court to conduct the pretrial hearing, it would then become necessary to determine the proper burden of proof at that hearing and the standard against which an appellate court should gauge the trial court's ruling.

Prior to 1998, the State was required to prove beyond a reasonable doubt that the offense charged was not limitations-barred. This was true in every case, whether the defendant raised the issue or not. If the State failed to make the proof, the defendant was entitled to an acquittal. *Proctor v. State*, 967 S.W.2d at 842.

In *Proctor*, the defendant was convicted of an aggravated robbery in which a person was killed; he was one of five men involved in the robbery. Proctor was found guilty, but the court of appeals reversed the conviction because of errors in the jury selection process. *Proctor v. State*, No. B14–82–870–CR (Tex.App.-Houston [14th Dist] 1985, pet'n ref'd)(unpublished opinion). The State filed another indictment after the statutory period of limitations had expired. During the jury's deliberations at the punishment stage of the trial, Proctor filed a motion for instructed verdict of acquittal for the reason that the prosecution was barred by the statute of limitations. Nothing else had been filed in which limitations had been urged. The trial court denied the motion, and Proctor was again convicted of the offense of aggravated robbery. On the appeal from that conviction, this court held that Proctor's conviction was jeopardy-barred, and we reversed the conviction. *Proctor v. State*, 806 S.W.2d 252 (Tex. App.-Eastland 1990). The Court of Criminal Appeals reversed that decision and remanded the cause to this court for consideration of points which we did not consider in light of our holding regarding jeopardy. *Proctor v. State*, 841 S.W.2d 1 (Tex.Cr.App.1992).

On remand, we held that Proctor had failed to object to the limitations defect

---

**3.** Not all cases lend themselves in all respects to pretrial determination. For instance, in *State v. Rosenbaum*, supra, the original dissenting opinion became the opinion of the majority upon rehearing. The issue was whether the trial court could litigate, by pretrial hearing, the issue of materiality in a perjury case. The court held that the issue could not be determined by pretrial. The court noted that materiality was not mentioned in TEX. CODE CRIM. PRO. ANN. art. 27.02 (Vernon 1989) and neither was it delineated in TEX. CODE CRIM. PRO. ANN. art. 27.08 (Vernon 1989). The court also noted that materiality was an element of the offense and not a defense. This case is distinguishable. First, limitations is embraced by both Article 27.08(2) and Article 28.01. Further, limitations, unlike materiality, is a defense.

timely, and we affirmed the conviction. *Proctor v. State*, 871 S.W.2d 225 (Tex. App.-Eastland 1993). The Court of Criminal Appeals again reversed this court, and it noted that the errors raised by Proctor were insufficient evidence claims and did not require prior objection.

On remand to this court, we determined that the evidence at trial was insufficient to prove that the prosecution was within the limitations period, and we again ordered an acquittal. *Proctor v. State*, No. 11–88–00149–CR (Tex.App.-Eastland 1996)(unpublished opinion). The Court of Criminal Appeals granted review "to reconsider our holdings that the State must always prove beyond a reasonable doubt that its prosecution is not limitations-barred." *Proctor v. State*, 967 S.W.2d at 843 (hereinafter *Proctor* 1998).

*Proctor* 1998 tells us several things. First, the statute of limitations is for the benefit of a person charged with a crime and is not for the benefit of the State. *Proctor* 1998 also instructs us that the statute of limitations prevents a person from defending against an allegation when facts might have become blurred by time or when one charged has been law-abiding for several years; the statute also lessens the possibility for blackmail. The statute of limitations is a procedural rule in the nature of a defense. *Proctor v. State*, 967 S.W.2d at 843; see *Floyd v. State*, 983 S.W.2d 273 (Tex.Cr.App.1998)(the court reiterated the proposition that limitations is a defense); see also TEX. PENAL CODE ANN. § 2.03 (Vernon 1994)(defines defenses and provides that a reasonable doubt on a defense requires that a defendant be acquitted); see and compare TEX. PENAL CODE ANN. § 2.04 (Vernon 1994)(defines affirmative defenses and places the burden upon a defendant to prove them by a preponderance of the evidence). Being an "act of grace" to a defendant, the defendant is the one who should have the "burden of asserting that defense or losing it, just as he would any other defense." *Proctor v. State*, 967 S.W.2d at 843–44.

The court in *Proctor* 1998 set out "three distinct kinds of rules (or 'rights')" involved in our system of adjudication. First, there are those rules which "are absolute, systemic requirements and prohibitions." Those rules are not controlled by the desires of the litigants. Another category involves those rules which must be implemented unless the parties expressly waive them. A third category involves rules which must be implemented upon request. Although prior case law placed the issue of limitations in the first category, it is the third category into which the Court of Criminal Appeals in *Proctor* 1998 placed the issue of limitations. The law now is that limitations is a defense which is forfeited if not asserted at or before the guilt/innocence phase of the trial; and, unless it is timely asserted, the State has no burden to prove it. *Proctor v. State*, 967 S.W.2d at 843–44.

As discussed earlier, a defendant may raise the defense of limitations by filing a motion to dismiss under Article 27.08(2). I am aware that, absent controlling authority to the contrary, the defendant generally has the burden of proof on a motion to quash an indictment. See *Wheat v. State*, 537 S.W.2d 20, 21 (Tex.Cr.App.1976). However, I believe that here there is controlling authority to the contrary. As I have indicated, exceptions to the form or substance of an indictment are provided for in Article 28.01, section 1(4). Entrapment, for example, is also provided for in Article 28.01, section 1(9). I believe that the case law which involves entrapment is instructive when we consider the defense of limitations. When discussing the issue of entrapment, also a defense, the court in

*Torres v. State*, 980 S.W.2d 873, 875 (Tex. App.-San Antonio 1998, no pet'n), wrote:

> [E]ntrapment is a defense....At the pre-trial hearing, the accused has the burden of producing evidence raising the defense. After the accused has met this initial burden, the burden of persuasion falls on the State to disprove entrapment beyond a reasonable doubt. *England v. State*, 887 S.W.2d 902, 908 (Tex. Crim.App.1994); *Taylor [v. State*, 886 S.W.2d 262, 265 (Tex.Crim.App.1994)].

I would hold that, under the current status of the law, if the issue of limitations is raised by pretrial motion and entertained by the trial court and if there is some evidence that the prosecution is not within the limitations period, the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred. That is the rule expressly applied to jury trials in *Proctor* 1998, and I see no reason to apply a different rule when the issue is raised in one of the other permissible methods.

The next logical step would be to determine whether the State met its burden in connection with the limitations issue. The trial court must review the evidence and determine, as a matter of law, whether the prosecution is limitations-barred. Again, borrowing from the entrapment body of law, our review centers on the legal sufficiency of the evidence. *Torres v. State*, supra at 875. A court of appeals should review the evidence in a light most favorable to the trial court's ruling and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and also could have found against appellant on the issue of a defense, in this case limitations, beyond a reasonable doubt. Any inconsistencies are resolved in favor of the finding. *Curry v. State*, 30 S.W.3d 394 (Tex.Cr.App.2000); *Adelman v. State*, 828

S.W.2d 418 (Tex.Cr.App.1992). The trial court, as the trier of fact, is to weigh the evidence and draw a legal conclusion as to the existence of the defense. See *Sebesta v. State*, 783 S.W.2d 811, 814 (Tex.App.-Houston [1st Dist.] 1990, pet'n ref'd). Because the only issue in this case is the defense of limitations, my observations are limited to that issue.

At the hearing on the motion to quash, appellant testified that he resided in Texas from August 1996 until October 1999 when he moved to Memphis, Tennessee. Appellant was originally arrested for this offense on August 8, 1996. He posted bond, but was later arrested for this offense in Mississippi on January 9, 2001. Meanwhile, on August 13, 1998, appellant had been arrested in Memphis, Tennessee; he was using an alias, Gerald Lenear, a "name [he] just thought up." Appellant testified that he had been visiting there for about a week and that, when the matter of the arrest was cleared up after a few days, he returned to Texas.

The trial court denied appellant's motion to quash. The trial court was the fact finder at the pretrial hearing on appellant's motion and, as such, it could believe or disbelieve all or any part of the testimony. From the dates of arrest and the use of an alias alone, the trial court could have found that appellant was absent from the jurisdiction as claimed by the State. If there is any conflicting evidence in the pretrial hearing, a trial court does not err in overruling a motion to quash. *Sebesta v. State*, supra. The trial court did not err in conducting a pretrial hearing on appellant's motion, nor did it err when it overruled the motion.

Subsequently, appellant waived a jury, entered a plea of guilty, and signed a judicial confession. As the trial proceeded upon appellant's open guilty plea, additional testimony regarding appellant's where-

abouts and his use of an alias was placed in the record. Several witnesses were called by appellant at the plea hearing, including his wife who came from Tennessee to testify. Appellant testified that, when he was originally arrested on this charge, he made an arrangement with a police detective. This arrangement required that appellant work undercover on drug deals in exchange for favorable treatment on his case. Appellant did the undercover work and was later called to court to testify. In April 1997, he was sworn as a witness in one of the cases on which he had worked. The trial was not to start until later. Apparently, word of his undercover activities reached the wrong people, and appellant and his family began receiving death threats. Shots were fired into his grandfather's house. Appellant testified that he "made scarce" from that time on. He also testified that he was staying at different places during this time.

Appellant's sister, Keena Farrar, testified. She said that the shootings were a constant thing "all the way up until actually my brother left." She testified that her brother would "come down" to pick up his son and that the threats would start all over again. She was told that "the Colombians" wanted her brother. Others testified to similar circumstances, including appellant's first son's mother. The prosecutor asked her, "Ms. Anderson he actually lives in Tennessee?" She replied, "Yes, now."

Generally, an appellate court is bound to look only at the evidence presented at the pretrial hearing to determine whether the trial court erred in its ruling. However, the issue was relitigated consensually during the plea hearing. In such a case, the trial court may consider the testimony. *Rachal v. State,* supra at 809; *Peddicord v. State,* 942 S.W.2d 100 (Tex.App.-Amarillo 1997, no pet'n). I would hold that the evidence is sufficient, beyond a reasonable doubt, to support the trial court's ruling.

I agree with the majority that appellant waived any error when he entered his plea. At the time of his plea, appellant and his trial counsel executed a written plea agreement. The agreement provided: "I hereby waive my right to be tried upon an indictment returned by a grand jury [and] any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument."

I concur in the result reached by the majority, but I would affirm the judgment of the trial court for the reasons stated in this concurring opinion.