**Terry Don McALISTER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–03–028–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 2, 2003.

Greg Merkle, Witchita Falls, for Appellant.

Barry L. Macha, Crim. Dist. Atty., and John W. Brasher and John Gillespie, Asst. Crim. Dist. Attys., Witchita Falls, for State.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Terry Don McAlister was convicted by a jury of the offense of assault. The trial court then assessed his punishment at 30 days' confinement in the Wichita County Jail, probated for one year, plus a $300 fine. On appeal, appellant contends that his conviction was time-barred. We affirm.[1]

### Background

Appellant was originally arrested for misdemeanor assault causing bodily injury to Amos McAlister, which took place on June 6, 1999. The original information was filed on July 9, 1999, under cause number 9202–E. Appellant contends another information was filed on July 19, 1999, under cause number 19713–E. Since we cannot find any evidence supporting this contention, we will not discuss the alleged second information.[2] A third infor-

---

1. Because the underlying facts of the assault are not relevant to the issues appellant brings on appeal, we will only summarily discuss them.

2. We do note, however, that cause number 19713–E was discussed in the pretrial hearings.

mation was filed on July 24, 2002, under cause number 19797–E. When the State filed the July 24 information, it moved to dismiss cause number 9202–E. Appellant filed a Motion To Quash And Exception To Substance Of Information, claiming that the 19797–E information was time-barred. The trial court denied his motion and proceeded to trial under cause number 19797–E. This information described the same assault that took place on June 6, 1999, against the same victim, Amos McAlister, only with more specificity.

### Issues and Standards on Appeal

■ On appeal, appellant contends that the trial court erred in denying his motion to quash because the prosecution for the assault offense was barred under article 27.08 of the code of criminal procedure, which creates a defense from prosecution for a time-barred prosecution under article 12.02 of the code. Tex.Code Crim. Proc. Ann. arts. 12.02, 27.08 (Vernon 1977 & 1989). We review a trial court's ruling on a motion to quash an information or indictment for an abuse of discretion. *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim. App. [Panel Op.] 1980) (op. on reh'g).

### Discussion

■ Article 12.02 provides that a misdemeanor offense should be presented within two years from the date of the commission of the offense. Tex.Code Crim. Proc. Ann. art. 12.02. Article 27.08 states that a defendant may raise a statute of limitations defense as an exception to an information. *Id.* art. 27.08(2). However, the statute of limitations shall not run "during the pendency of an indictment [or] information." *Id.* art. 12.05(b). Relying on article 12.05(c), appellant believes that the phrase, "during the pendency" of the information, does not include the time the original in-

formation in this case was pending because no trial court ever found it to be invalid.

Article 12.05(b) states, "The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." *Id.* And it defines "during the pendency" as "that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason." *Id.* art. 12.05(c). Appellant argues that because no court found the prior information invalid, the tolling provision is inapplicable. We disagree.

The focus of the limited case law in this area is on whether the prior information was sufficient to invoke the trial court's jurisdiction and whether the prior and current information charged the same offenses. *See Prince v. State,* 914 S.W.2d 672, 674 (Tex.App.-Eastland 1996, pet. ref'd) (relying on *Ex parte Slavin,* 554 S.W.2d 691 (Tex.Crim.App.1977)); *and see Hernandez v. State,* 74 S.W.3d 73, 75 (Tex. App.-Eastland 2002, pet. granted). The cases do not address whether a dismissal is sufficient to result in an invalid information. However, we conclude that it is under the facts of this case. So long as the dismissal is filed and granted in accordance with article 32.02 of the code of criminal procedure, the dismissal is tantamount to an information that is no longer valid. Tex.Code Crim. Proc. Ann. art. 32.02 (Vernon 1989). Accordingly, the dismissal rendered the prior information invalid.

Therefore, we hold that the filing of the original information tolled the statute of limitations while it was pending, that the refiled case was therefore timely, and that the trial court did not abuse its discretion in denying appellant's motion to quash based upon the tolling provisions.

Appellant also contends that the informations were for different offenses. He claims that the tolling exception is inapplicable because the first information was general and vague and the information under which he was convicted was more specific. Appellant ignores the fact that the trial court dismissed the prior information on the State's motion because appellant had challenged its sufficiency, and the State refiled the case under cause number 19797–E. Likewise, the new information also recited that the case was previously filed under cause number 9202–E. The State points out that both indictments allege the same criminal offense (assault), the same commission date, and the same victim. Thus, we cannot say the trial court abused its discretion in concluding that the informations alleged the same offense and in denying appellant's motion to quash on that basis. We overrule appellant's sole issue.

Having overruled appellant's issue on appeal, we affirm the judgment of the trial court.