**Ex parte Jason Christopher SMITH.**

**No. 2–03–247–CR.**

Court of Appeals of Texas, Fort Worth.

March 18, 2004.

H.F. Rick Hagen, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Kathleen Walsh, Earl Dobson, Paige McCormick, Asst. Dist. Attys., Denton, for appellee.

Panel B: LIVINGSTON, HOLMAN, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Appellant Jason Christopher Smith appeals from the trial court's denial of the relief sought in his pretrial writ of habeas corpus. In a single point, Smith alleges that his prosecution is barred by the statute of limitations and that the tolling provision alleged by the State is invalid. We hold that the tolling provision is not sufficiently specific and that the lack of specificity is a substantive defect. *See* TEX. CODE CRIM. PROC. ANN. arts. 12.02, 12.05(b), 27.08(2) (Vernon 1977). Accordingly, we sustain Smith's point, and order the information dismissed.

### II. FACTUAL BACKGROUND

Smith was indicted on July 30, 1998, for aggravated assault of Shanna Whitley. The case proceeded to trial, and a jury found Smith not guilty of aggravated assault but guilty of the lesser-included offense of misdemeanor assault. Smith appealed; this court reversed the trial court's judgment and remanded the case for a new trial. *Smith v. State,* No. 02–00–323–CR (Tex.App.-Fort Worth Jan. 10, 2002, no pet.) (not designated for publication).

The State did not file a new pleading or charging instrument. In preparing for his upcoming retrial, Smith filed a special plea of double jeopardy and motion to dismiss, alleging that he was unlawfully being tried under the July 30, 1998 indictment.[1] Smith pointed out that the indictment charged him with aggravated assault, an offense a jury found he was not guilty of committing. The trial court denied these motions and called Smith's case for trial on January 6, 2003.

During voir dire, the State moved to dismiss, and obtained dismissal of, the indictment against Smith. On January 8, 2003, the State filed an information and complaint in county criminal court charging Smith with misdemeanor assault. The information included a tolling provision and is set forth below in its entirety.

---

1. Smith cited *Kennedy v. State,* 732 S.W.2d 708, 709–10 (Tex.App.-Corpus Christi 1987, no pet.) (holding double jeopardy bars retrial under indictment charging offense defendant was acquitted of committing by virtue of being found guilty only of lesser-included offense).

INFORMATION

CAUSE NO.: CR-2003-00154-E

DEFENDANT: JASON CHRISTOPHER SMITH

CHARGE: ASSAULT

FILE FOR RECORD
DENTON COUNTY CLERK

JAN -8 2003
CYNTHIA MITCHELL
DEPUTY

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

NOW COMES, Bruce Isaacks, Criminal District Attorney of the County of Denton of the State of Texas, and in behalf of the State of Texas, presents in the County Criminal Court of Denton County, Texas, at the January Term, 2003, of said Court, that JASON CHRISTOPHER SMITH, who is hereinafter styled defendant, on or about the 1st day of June, A.D., 1998, and before the making and filing of this Information, in the County of Denton of the State of Texas, did then and there intentionally, knowingly, or recklessly, cause bodily injury to Shanna Whitley, by biting and sucking Shanna Whitley on the breast;

AND Bruce Isaacks, Criminal District Attorney of the County of Denton of the State of Texas, does further present in and to said Court that on or about the 30th day of July, 1998, the Grand Jury of the County of Denton, Texas returned and indictment against the said JASON CHRISTOPHER SMITH charging him with the offense of aggravated assault and said indictment was pending in the 362nd Judicial District Court of Denton County, Texas, until March 21, 2002, to-wit: on the 18th day of May, 2000, a Jury convicted the said JASON CHRISTOPHER SMITH of the lesser included offense of misdemeanor assault and on the 22nd day of May, 2000, judgment was entered, and thereafter the conviction was properly appealed to .the Court of Appeals, Second District of Texas, and thereafter on the 10th day of January, 2002, the Court of Appeals reversed and remanded the judgment for a new trial and thereafter on the 21st day of March, 2002, the Mandate of the Court of Appeals issued;

against the peace and dignity of the State.

*[signature]*

CRIMINAL DISTRICT ATTORNEY
COUNTY OF DENTON
STATE OF TEXAS

002

Smith then filed a motion to dismiss and an application for writ of habeas corpus alleging, in part, that the information was barred by the statute of limitations. The trial court issued the writ, conducted a hearing, and overruled Smith's motion to dismiss and request for habeas relief based on the contention that prosecution on the misdemeanor assault information was barred by limitations.[2] This appeal followed.

### III. STANDARD OF REVIEW

A pretrial writ of habeas corpus is the proper procedural vehicle to raise the contention that the prosecution is barred by the statute of limitations. *See, e.g., Ex parte Tamez,* 38 S.W.3d 159, 160 (Tex.Crim.App.2001). In reviewing the charging instrument we look only to the face of the pleading. *Id.* at 160–61. The State may not rely on proof alone, but must allege facts which show that the statute of limitations has been tolled. *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.

2. The trial court granted the writ as to Smith's contention that the information's new, additional, manner and means of committing the offense by "sucking" was barred by limitations. The allegation of "sucking" was ordered stricken from the information.

Crim.App.1977). If the pleading, on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted. *Tamez,* 38 S.W.3d at 160–61.

The writ of habeas corpus is an extraordinary writ and neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Ex parte Weise,* 55 S.W.3d 617, 619 (Tex.Crim. App.2001). A defendant may raise by pretrial habeas corpus claims concerning double jeopardy, collateral estoppel, and bail, because those protections would be undermined if they are reviewable only after a conviction. *Ex parte Culver,* 932 S.W.2d 207, 210 (Tex.App.-El Paso 1996, pet. ref'd). The burden is upon the applicant to establish his entitlement to habeas corpus relief. *Jaime v. State,* 81 S.W.3d 920, 924 (Tex.App.-El Paso 2002, pet. ref'd).

## IV. THE TOLLING ALLEGATION

The statute of limitations for misdemeanor assault is two years. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02. The time during the pendency of an indictment does not, however, count towards the limitations period. *Id.* art. 12.05(b); *see also McAlister v. State,* 119 S.W.3d 460, 462 (Tex.App.-Fort Worth 2003, no pet.); *White v. State,* 50 S.W.3d 31, 51–52 (Tex.App.-Waco 2001, pet. ref'd). Here, the State attempted to allege article 12.05(b)'s tolling provision in the second paragraph of the information set forth above.

Smith claims that the information's tolling allegation is invalid for two reasons. First he claims that, although limitations is tolled under article 12.05(b) during the time an indictment is pending, this provision is inapplicable here because the original indictment charged him with a June 1, 1998 aggravated assault under penal code section 22.02 while the new January 8, 2003 information charges him with a misdemeanor offense under a different penal code section, section 22.01. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02 (Vernon 2003). The State contends that Smith is estopped from raising this point because he obtained the benefit of a lesser-included offense charge and cannot now argue that the lesser-included offense is barred by the statute of limitations. *See, e.g., Arroyo v. State,* 117 S.W.3d 795, 798 (Tex.Crim. App.2003); *Prystash v. State,* 3 S.W.3d 522, 532 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000); *State v. Yount,* 853 S.W.2d 6, 9 (Tex.Crim.App.1993). By way of a supplemental letter brief, however, Smith concedes that the Texas Court of Criminal Appeals decided the merits of this issue adversely to him during the pendency of this appeal. *See Hernandez v. State,* No. 826–02, 2004 WL 203116, at *6 (Tex.Crim. App. Feb. 4, 2004).

Secondly, Smith contends that the tolling allegation set forth in the second paragraph of the information is not sufficiently specific to toll limitations because it does not indicate that it stems from the same criminal conduct as the one alleged in the indictment. The State argues that this complaint is not properly before us because Smith did not object on this basis in the trial court. Smith's application for writ of habeas corpus does raise this issue, however, by complaining that the prosecution "alleges an entirely new offense, different from the one alleged in the indictment."

Smith argues that, to be effective, the information's tolling provision had to allege that the indictment charging him with a June 1, 1998 aggravated assault against Whitley remained pending against him until the issuance of this court's mandate. Smith argues that nothing in the information's tolling allegation establishes that it was the indictment charging the June 1,

1998 aggravated assault of Whitley that remained pending, not some other indictment alleging a totally different aggravated assault. Smith asserts that the State could have met its burden by pleading in the tolling allegation the trial or appellate court cause number relating to this first trial, the victim's name, or the date of the alleged offense. The State contends that habeas corpus relief is not available for Smith's claims regarding the statute of limitations because we "would have to go beyond the face of the pleading to find the tolling provision invalid" in violation of *Tamez.* 38 S.W.3d at 160–61.

█ Here, the first paragraph of the information establishes that at the January Term 2003, the State charged Smith with a misdemeanor assault of Shanna Whitley and alleged that the offense occurred on or about June 1, 1998. Because the statute of limitations for misdemeanor assault is two years, the face of the first paragraph of the information shows that the prosecution is barred by the statute of limitations absent some tolling provision. *See* TEX.CODE CRIM. PROC. ANN. art. 12.02. The second paragraph of the information attempts, however, to allege a tolling provision: specifically an article 12.05(b) tolling provision excluding the time during the pendency of an indictment from the time counted toward the two-year limitations period. *See id.* art. 12.05(b); *see also McAlister,* 119 S.W.3d at 462; *White,* 50 S.W.3d at 51–52.

The question is whether the tolling provision allegation set forth in the second paragraph of the indictment is sufficiently specific to establish, by looking only at the face of the information, that an indictment was previously pending against Smith for the same criminal conduct charged in the information. Our recent holding in *McAlister* addresses this issue. 119 S.W.3d at 461–62. In *McAlister,* the appellant was charged by information under cause number 9202–E with misdemeanor assault by

causing bodily injury to Amos McAlister. *Id.* The information alleged that the assault occurred on June 6, 1999. *Id.* Subsequently, the State presented a July 24, 2002 information filed under cause number 1971–E alleging the same offense, only with more detail, and moved to dismiss the earlier information. *Id.* The trial court dismissed the first information, and the case proceeded to trial on the July 24, 2004 information over the appellant's objection that the offense charged in the subsequent information was time-barred. On appeal, the appellant contended that the offense charged in the July 24, 2004 information was time barred and that article 12.05(b)'s tolling provision did not apply because the two informations were in fact for different offenses. *Id.* at 462. We rejected the appellant's argument because "the new information also recited that the case was previously filed under cause number 9202–E .... both indictments allege the same criminal offense (assault), the same commission date, and the same victim." *Id.* at 463.

Here, the tolling allegation asserted by the State does not indicate that the case was previously filed under a particular district court cause number. The tolling allegation does not reference this court's prior appellate cause number. The tolling allegation does not allege that the indictment previously pending against Smith was for the same offense charged in the information. It does not allege that the indictment previously pending against Smith charged him with an aggravated assault committed on June 1, 1998, or that the victim of the charged assault was Shanna Whitley. In short, the tolling allegation does nothing more than plead that from July 30, 1998 through March 21, 2002, an indictment was pending against Smith in the 362nd District Court of Denton County for aggravated assault of someone at sometime. Looking solely to the face of

the pleading, we hold that the State's tolling allegations are not sufficiently specific to show that the indictment pending was for the conduct charged in the information. *Cf. McAlister*, 119 S.W.3d at 462–63 (pleading former information's cause number, date of offense, and victim's name was sufficiently specific to toll limitations under article 12.05(b)); *White*, 50 S.W.3d at 51–52 n. 24 (subsequent information sufficient).

▮▮▮▮ Having determined that the State's tolling allegation in paragraph two of the information does not sufficiently plead facts triggering article 12.05(b)'s tolling provision, the next question we must address is: what is the proper remedy? The court of criminal appeals explained presentation of a statute of limitations defense in *Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App.1998). In *Proctor*, the court stated that "[b]efore trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure." 967 S.W.2d at 844; *see also Farrar v. State*, 95 S.W.3d 648, 650 (Tex.App.-Eastland 2002, no pet.). Article 27.08(2) provides that "[t]here is no exception to the substance of an indictment or information except: . . . 2. That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time." TEX.CODE CRIM. PROC. ANN. art. 27.08(2) (Vernon 1989). Article 27.08(2) permits the accused to attack the State's defective indictment or information; this provision permits a "substance" exception to an indictment or information when it appears from the face of the instrument that a prosecution for the offense is barred by time. *Farrar*, 95 S.W.3d at 650. The remedy for this pleading error is either the dismissal or amendment of the indictment or information. *Id.*

The writ of habeas corpus is an extraordinary remedy which will issue only if the applicant has no adequate remedy at law. *Weise*, 55 S.W.3d at 619. Here, Smith has no adequate remedy at law. He pursued a motion to dismiss, and it was denied. *Cf. Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.-Waco 2002, no pet.) (habeas applicant should pursue claim that his arrest was based solely on racial profiling in motion to suppress); *Ex parte Garrison*, 47 S.W.3d 105, 107 (Tex.App.-Waco 2001, pet. ref'd) (habeas applicant should pursue claim of speedy trial violation by motion to quash or motion to dismiss). And a pretrial writ of habeas corpus is the proper procedural vehicle to raise the contention that the prosecution is barred by the statute of limitations. *Tamez*, 38 S.W.3d at 160. The January 8, 2003 information charging Smith with a June 1998 misdemeanor assault, on its face, shows that the offense charged is barred by limitations, absent any tolling provisions. Accordingly, in light of the State's ineffectual tolling provision pleadings, it is appropriate that relief be granted in this case. *See Tamez*, 38 S.W.3d at 160–61.

We sustain Smith's point.

## V. CONCLUSION

Having sustained Smith's sole point, we vacate the trial court's order overruling Smith's motion to dismiss and habeas corpus relief based on the contention that the prosecution was barred by limitations and dismiss the January 8, 2003 information.