**Ex Parte Jason Christopher SMITH.**

No. PD–0616–04.

Court of Criminal Appeals of Texas.

Oct. 19, 2005.

Rehearing Denied Dec. 7, 2005.

---

H.F. Rick Hagen, Denton, for appellant.

Kathleen A. Walsh, Asst. D.A., Denton, Matthew Paul, State's Attorney, Austin, for State.

*OPINION*

PER CURIAM.

We granted the State's petition in this case to determine whether a defendant may complain about the sufficiency of a tolling allegation in a petition for a pretrial writ of habeas corpus.[1] We decide that he may not. When a charging instrument shows on its face that prosecution is barred by the statute of limitations and that pleading is not reparable, a defendant may seek relief from a time-barred prosecution by a pretrial petition for a writ of habeas corpus. If, on the other hand, the information or indictment does contain a tolling allegation, any errors, omissions, or defects in that tolling language must be raised in a pretrial motion to dismiss or they are waived. These reparable defects cannot be raised by a pretrial petition for a writ of habeas corpus and are not subject to interlocutory appeal. Therefore, we reverse the court of appeals which had held otherwise[2] and remand the case to the trial court.

I.

On July 30, 1998, appellant was indicted for the aggravated assault of Shanna Whitley. A jury found him guilty of the lesser-included offense of misdemeanor assault, but the court of appeals reversed that conviction and remanded the case for retrial after finding that certain evidence had

---

1. We granted all three of the State's grounds for review:
 (1) Can appellant complain about the sufficiency of the limitations tolling provision contained in the information when appellant is estopped from complaining that prosecution for the lesser-included offense is barred by limitations because he invoked the benefit of the lesser included offense at trial?
 (2) Did appellant's application for writ of habeas corpus properly raise the issue of the sufficiency of the language in the tolling provision when his complaint was that the information alleged an offense under a sep-

arate penal code provision from the one alleged in the indictment?
 (3) Can an information be fatally defective based upon a lack of specificity in the language of the tolling provision when the State no longer bears the burden of pleading and proving that its prosecution is not limitations barred and when the appellant does not claim lack of notice.
 We address only grounds two and three, and we dismiss the State's first ground for review.

2. *Ex parte Smith*, 135 S.W.3d 884 (Tex.App.-Fort Worth 2004).

been improperly excluded.[3] The court of appeals noted in its opinion that appellant could not be retried for aggravated assault.

The State later filed an information in county court charging appellant with misdemeanor assault. That pleading read

NOW COMES, Bruce Isaacks, Criminal District Attorney of the County of Denton of the State of Texas, and in behalf of the State of Texas, presents in the County Criminal Court of Denton County, Texas, at the January Term, 2003, of said Court, that JASON CHRISTOPHER SMITH, who is hereinafter styled defendant, on or about the 1st day of June, A.D., 1998, and before the making and filing of this Information, in the County of Denton of the State of Texas, did then and there intentionally, knowingly, or recklessly, cause bodily injury to Shanna Whitley, by biting and sucking Shanna Whitley on the breast;

AND Bruce Isaacks, Criminal District Attorney of the County of Denton of the State of Texas, does further present in and to said Court that on or about the 30th day of July, 1998, the Grand Jury of the County of Denton, Texas returned an indictment against the said JASON CHRISTOPHER SMITH charging him with the offense of aggravated assault and said indictment was pending in the 362nd Judicial District Court of Denton County, Texas, until March 21, 2002, to-wit: on the 18th day of May, 2000, a Jury convicted the said JASON CHRISTOPHER SMITH of the lesser included offense of misdemeanor assault and on

the 22nd day of May, 2000; judgment was entered, and thereafter the conviction was properly appealed to the Court of Appeals, Second District of Texas, and thereafter on the 10th day of January, 2002, the Court of Appeals reversed and remanded the judgment for a new trial and thereafter on the 21st day of March, 2002, the Mandate of the Court of Appeals issued[.]

Appellant filed a petition for a writ of habeas corpus, claiming, *inter alia,* that "the new charges are barred by limitations."[4] Appellant's written motion stated,

The second paragraph of the information purports to allege a tolling provision. The instant prosecution is barred by the statute of limitations because this prosecution alleged an offense under a separate penal code provision, and alleges an entirely new offense, different from the one alleged in the indictment. The statute of limitations for a misdemeanor is two years from the date the offense is alleged to have been committed and not afterward.

The trial court conducted a hearing and granted relief as to Smith's contention that the addition of the manner and means of "sucking" was barred by limitations. The phrase "sucking" was ordered stricken from the information, but otherwise the trial court denied relief. Appellant filed an interlocutory appeal of the trial court's denial of his habeas corpus claims.

On appeal, appellant claimed that the tolling provision was insufficient for two reasons: "First, the tolling provision fails to contain an allegation that the indictment

---

3. *Smith v. State,* No. 02-00-323-CR (Tex. App.-Fort Worth Jan. 10, 2002, no pet.)(not designated for publication).

4. Appellant's document was entitled "Application For Writ of Habeas Corpus—Violation of Double Jeopardy and Statute of Limitations

and Motion to Dismiss—Violation of Constitutional Right to a Speedy Trial." The only portion of that document at issue before us is the habeas corpus claim based upon the statute of limitations.

charged applicant with the same offense. Second, the tolling provision is invalid because it alleges a different statutory offense." The court of appeals noted that, in a supplemental brief, appellant conceded that this Court had just decided against his position on the second reason.[5] However, it held that the tolling paragraph—in failing to contain a sufficient allegation that the prior indictment charged appellant with the same offense—was not specific enough to toll the statute of limitations, and it dismissed the information.[6] The court of appeals rejected the State's argument that appellant failed to raise this specificity argument in the trial court.[7]

## II.

■ A defendant may use a pretrial writ of habeas corpus only in very limited circumstances.[8] First, the accused may challenge the State's power to restrain him at all.[9] Second, the accused may challenge the manner of his pretrial restraint, *i.e.*,

the denial of bail or conditions attached to bail.[10] Third, the accused may raise certain issues which, if meritorious, would bar prosecution or conviction.[11]

■ Although there is sometimes little difference between a pretrial writ of habeas corpus and a pretrial motion as a vehicle to raise legal issues in the trial court, there is a vast difference between the two in terms of appellate rights. The denial of relief on a pretrial writ of habeas corpus may be appealed immediately, but the denial of a pretrial motion may be appealed only after conviction and sentencing.[12] Because the denial of habeas corpus relief, based on fundamental constitutional principles, permits an interlocutory appeal, appellate courts are careful to ensure that a pretrial writ is not misused "to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage."[13] A

---

**5.** See *Hernandez v. State*, 127 S.W.3d 768, 769 (Tex.Crim.App.2004).

**6.** *Smith*, 135 S.W.3d at 888.

**7.** *Id.* The State argued, in the court of appeals, that "Appellant's contention that the language of the tolling provision is inadequate has not been properly preserved for appeal as this objection was never made in the trial court."

**8.** See generally, *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex.Crim.App.2001) (stating that "[n]either a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal," and discussing cognizability of issues on pretrial writ of habeas corpus). In *Weise*, this Court concluded that
> Pretrial habeas should be reserved for situations in which the protections of applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory appeal.

*Id.* at 620.

**9.** See 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCE-

DURE § 47.01, at 197 (2d ed.2001) (stating that a pretrial habeas writ may be used to litigate the existence of probable cause to believe that the person is guilty of the charged offense).

**10.** *See id.*

**11.** *See id.*

**12.** *See id.*, § 47.56, at 229.

**13.** *Id.* Interlocutory appeals are generally not permitted in Texas criminal proceedings. *See, e.g., Ex parte Rathmell*, 717 S.W.2d 33, 48 (Tex.Crim.App.1986). In *Rathmell*, this Court stated:
> Appeals are normally limited to a person convicted of offenses and those denied release under writ of habeas corpus. It has been said that without a sentence or a final judgment of conviction in a criminal case, the Court of Criminal Appeals is without jurisdiction to entertain an appeal. Generally the Court of Criminal Appeals will not review, before trial, conviction and an appeal, any ruling of the trial court. Interlocutory appeals are not permitted.

pretrial writ of habeas corpus generally may not be used to test the sufficiency of a complaint, information, or indictment.[14] A pretrial writ of habeas corpus may be used, however, to challenge the jurisdiction of the court if the face of the indictment shows that any prosecution is barred by the statute of limitations.[15] This is because the defect is incurable and irreparable. Limitations is an absolute bar to prosecution.[16] There is no point in wasting scarce judicial and societal resources or putting the defendant to great expense, inconvenience, and anxiety if the ultimate result is never in question.[17] Thus, in *Ex parte Dickerson*,[18] this Court held that when the face of the pleading shows that the offense charged is barred by limitations, that pleading "is so fundamentally

defective that the trial court does not have jurisdiction and habeas relief should be granted." [19]

 There are, however, exceptions to the statute of limitations, one of which is that "[t]he time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." [20] That is, the statute of limitations is tolled for any time period in which the defendant was under indictment for "the same conduct, same act, or same transaction." [21] As we recently explained,

> [a]llowing the prior indictment to toll the statute of limitations would not defeat the purposes of the statute of limitations if the prior indictment gives adequate notice of the substance of the subse-

---

*Id.* (citations omitted). Furthermore,

> [i]t is also well established that a writ of habeas corpus cannot be used as a substitute for an appeal or to serve the office of an appeal. Writ of habeas corpus will not be used after indictment to prevent trial on the merits.... [A]nd the appellate court will decline to dispose of controversy on habeas corpus which could have been brought to court for review in regular channels of appeal.

*Id.* at 48–49 (citations omitted).

**14.** *Ex parte Tamez,* 38 S.W.3d 159, 160 (Tex. Crim.App.2001) ("We have long held that when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is generally not available prior to trial to test the sufficiency of the complaint, information, or indictment").

**15.** *Id.* ("if the pleading, on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted").

**16.** *See* TEX.CODE CRIM. PROC. art. 12.02 ("An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense and not afterwards").

**17.** *See, e.g. Weise,* 55 S.W.3d at 620 (noting that "when the pleading, on its face, shows that the offense charged is barred by limita-

tions ... the applicant is challenging the trial court's power to proceed"). This Court stated, in *Ex parte Hoard,* 63 Tex.Crim. 519, 522, 140 S.W. 449, 451 (1911), that

> It is plain then from the reading of this statute that if a prosecution does not occur within two years from the time of its commission, there can be no prosecution. This is the period of limitation fixed by the Legislature. They had authority to fix the period of limitation. This court has no authority to change it. And there is no authority in law to prosecute any citizen of Texas for the violation of the law after the period of limitation has intervened.

*Id. See also Proctor v. State,* 967 S.W.2d 840, 843 (Tex.Crim.App.1998) (discussing the objectives of a statute of limitations).

**18.** 549 S.W.2d 202 (Tex.Crim.App.1977).

**19.** *Id.* at 203. *But see Proctor,* 967 S.W.2d at 844 (concluding that the statute of limitations is a defense that must be asserted by the defendant "at or before the guilt/innocence stage of trial").

**20.** TEX.CODE CRIM. PROC. art. 12.05(b).

**21.** *See Hernandez v. State,* 127 S.W.3d 768, 769 (Tex.Crim.App.2004).

quent indictment. If the defendant has adequate notice of a charge, he can preserve those facts that are essential to his defense.[22]

Thus, if the State's pleading includes a "tolling paragraph," "explanatory averments," or even "innuendo allegations,"[23] this suffices to show that the charged offense is not, at least on the face of the indictment, barred by limitations.[24]

▮▮▮▮ Of course, a tolling paragraph may neglect to include names, dates, manner and means, and so forth. A tolling paragraph need not be alleged with the same degree of particularity as we would expect of an allegation of the charged offense,[25] but any purported defects of form and substance in either the charge or the tolling paragraph relate to notice and must be brought to the trial court's attention before trial or they are waived.[26] These specificity defects are reparable.[27] They

do not destroy a trial court's power or jurisdiction to proceed, and they may not be raised by means of a pretrial writ of habeas corpus.[28] Instead, they may and must be raised in a motion to quash or motion to dismiss the pleading.

In enacting article 1.14(b), the Texas Legislature statutorily overruled a long line of cases reversing convictions for "fundamentally defective" pleadings when, in fact, the pleading could have been repaired had the defect been brought to the trial court's attention before trial.[29] Thus, "an indictment (or information) is still an indictment (or information), at least as contemplated by Art. V, § 12, though it be flawed by matters of substance such as the absence of an element."[30]

▮▮▮▮ The same reasoning and result that applies to flawed charges under article 1.14(b) also applies to tolling provisions

22. *Id.* at 772.

23. *See Hickman v. State*, 44 Tex.Crim. 533, 533, 72 S.W. 587, 588 (1903).

24. *See, e.g., Hernandez*, 127 S.W.3d at 772–74.

25. *See Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim.App.1986) (prior convictions alleged for the purpose of enhancement need not be alleged with the same particularity as the charged offense).

26. *See* TEX.CODE CRIM. PROC. art. 1.14(b), which states, in pertinent part
If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.
*See Proctor*, 967 S.W.2d at 844 (stating that "[b]efore trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2)").

27. Indeed, in his brief, appellant candidly states that "this entire appeal could have been

avoided if the State had simply amended the existing information to comply with appellant's complaints. There was nothing that prevented the State from filing a motion to amend the information, even while the case was on appeal." Indeed, had appellant brought his appellate level complaints about the purported defects in the tolling provision to the attention of the State by means of a motion to dismiss or quash the information filed in the trial court, this appeal could (and presumably would) have been avoided.

28. *See Burton v. State*, 805 S.W.2d 564, 571 (Tex.App.-Dallas 1991, pet. ref'd) (holding that failure to allege facts tolling the statute of limitations did not make indictment "fundamentally defective" or deprive trial court of jurisdiction; defendant's failure to object to this defect before trial waived error on appeal).

29. *See Studer v. State*, 799 S.W.2d 263, 268–69 (Tex.Crim.App.1990) (quoting House Study Group Special Legislative Report # 120, dated August 23, 1985).

30. *Id.* at 271.

set out in an indictment or information.[31] Purported defects in a tolling paragraph are forfeited unless raised in a pretrial motion to quash or dismiss,[32] and such defects may not be raised in a pretrial writ because they do not deprive the trial court of its jurisdiction. Only when an indictment shows on its face that prosecution is absolutely barred by the statute of limitations and that pleading is not reparable, may a defendant seek relief from further prosecution via a pretrial writ of habeas corpus.[33]

### III.

■■■ In the present case, appellant filed a petition for writ of habeas corpus asserting that the statute of limitations barred prosecution of the offense of misdemeanor assault because the State's new pleading

> alleges that bodily injury was caused by biting and sucking. So they have expanded their theory and alleged a new act in their pleading, and it's our argument that this information, because it alleges a new act, is barred by limitations because the indictment, if it told [sic; tolled] anything, only [tolled] an allegation of biting. And so because they have a new act alleged—and a jury could completely reject biting, and we could be convicted of a sucking allegation, this is barred on its face by limitations.

> The writ is somewhat self-explanatory as far as the allegations go, but it's our argument that the indictment [tolled]—first argument is the indictment [tolled] nothing at all because what's filed in your court is a new offense, although it's a lesser, it's still a different offense.[34] And while the global argument we make is all allegations are barred, the secondary argument we're making is that the specific act of sucking is absolutely barred.

As noted above, the trial judge granted appellant habeas relief on his secondary argument and ordered that the State could not proceed on any allegation of "sucking."

On appeal, appellant complained that the trial court should have granted complete relief on his statute of limitations claim because the tolling provision did not specifically allege the "same" offense. The court of appeals noted numerous deficiencies in the tolling allegation,[35] but, as ex-

---

**31.** *See State v. Turner,* 898 S.W.2d 303, 306–08 (Tex.Crim.App.1995) (article 1.14(b) waiver rule applies to complaints concerning limitations defect in indictment).

**32.** *See id.; see also State v. Yount,* 853 S.W.2d 6, 8 (Tex.Crim.App.1993) (concluding that an indictment which charges the commission of an offense barred by limitations still confers jurisdiction on trial court; thus, defendant must bring defects to trial court's attention to preserve error). *Cf. Proctor,* 967 S.W.2d at 844 (holding that a defendant who fails to raise statute of limitations defense in a pretrial motion to dismiss or by requesting a jury instruction on limitations if there is some evidence that the prosecution is limitations-barred, waives that defense).

**33.** It is arguable that, after *Proctor,* the State need not allege a tolling paragraph unless the defendant raises a statute of limitations claim in a pretrial motion to dismiss or quash the charging instrument. *See* 43B DIX & DAWSON, *supra,* § 47.86 (2d ed. & 2004 Supp.). However, we need not resolve that issue in the present case.

**34.** As appellant correctly noted in his supplement brief to the court of appeals, his "global" argument that indictment on a greater offense does not toll re-indictment on a lesser-included offense was recently rejected by this Court in *Hernandez v. State,* 127 S.W.3d 768 (Tex.Crim.App.2004).

**35.** The court of appeals stated:

> Here, the tolling allegation asserted by the State does not indicate that the case was previously filed under a particular district court cause number. The tolling alle-

plained above, any insufficiency of a tolling paragraph is a reparable defect which must be raised in a pretrial motion to dismiss or it is waived. And, because the face of the information did not show that prosecution was absolutely barred by the statute of limitations, this "sufficiency" issue was not cognizable on a pretrial writ, and could not be raised in an interlocutory appeal.

This is a case in which the State may have done a deficient job of pleading its tolling allegation, but appellant nonetheless had full knowledge of the existence and content of the prior indictment which tolled the present pleading.[36] The tolling allegation may be insufficient, but that deficiency could be raised only in a pretrial motion to dismiss or quash the information, and the State must be given an opportunity to repair or amend its pleading before the start of trial.

Therefore, the court of appeals was mistaken both in addressing the merits of appellant's interlocutory appeal claim concerning the sufficiency of the tolling allegation and in granting habeas corpus relief. We reverse the judgment of the court of appeals and remand this case to the trial court.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting.

When we changed the disposition of statute of limitations in *Proctor and Lemell*[1] we suggested many ways for defendants to seek pre trial relief. Because of the tenuous nature of statutes of limitations, I would allow this claim to be brought on pretrial habeas. Therefore, I respectfully dissent.

---

gation does not reference this court's prior appellate cause number. The tolling allegation does not allege that the indictment previously pending against Smith was for the same offense changed in the information. It does not allege that the indictment previously pending against Smith charged him with aggravated assault committed on June 1, 1998, or that the victim of the charged offense was Shanna Whitley. In short, the tolling allegation does nothing more than plead that from July 30, 1998[,] through March 21, 2002, an indictment was pending against Smith in the 362nd District Court of Denton County for aggravated assault of someone at sometime.
*Ex parte Smith*, 135 S.W.3d at 889.

36. All of the deficiencies noted by the court of appeals were immaterial to appellant's due process right to receive adequate notice. Appellant himself had attached a copy of the prior indictment which tolled the statute of limitations to his pretrial motion. The trial court (and this Court) may take judicial notice of papers and pleadings filed in the case. *See Turner v. State*, 733 S.W.2d 218, 221–22 (Tex. Crim.App.1987) (stating that "[i]n a criminal case, a trial court may notice judicially all of its own records, including all judgments and convictions entered by it"); *Fuller v. State*, 30 S.W.3d 441, 444 (Tex.App.-Texarkana 2000, pet. ref'd) ("Judicial notice was appropriate to show that the document was a part of the court's files, that it was filed with the court on a certain date, and that it was therefore before the trial court at the time of the second trial"). Appellant's motion and the indictment attached to his motion as Exhibit 1 contained the very information that the tolling allegation lacked: the name of the victim (Shanna Whitley), the cause number of the indictment, the date the prior indictment was filed, the offense alleged (aggravated assault), the manner and means (biting), and the district court in which it was filed. Thus, this is not a case in which the statute of limitations actually had run and prosecution was barred.

1. 967 S.W.2d 840 (Tex.Crim.App.1998)