*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


 

# MEMORANDUM OPINION

Nos. 04-09-00800-CR
04-09-00801-CR
04-09-00802-CR

**EX PARTE** Jason **MIEARS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009-CR-6566, 2009-CR-6567 & 2009-CR-6568
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
           Karen Angelini, Justice
           Marialyn Barnard, Justice

Delivered and Filed: March 3, 2010

DISMISSED FOR LACK OF JURISDICTION

Appellant Jason Miears filed in this court a copy of a "Petition for Writ of Habeas Corpus Excessive Bail," which he asserted was filed in the trial court, but the copy filed in this court contained no file stamp. In the petition, Miears claims the bail set by the trial court in three cases in which Miears is the defendant is excessive. Along with this document, Miears filed a notice of

appeal wherein he contends he desires to appeal from the trial court's order refusing to reduce his bond. No clerk's record was filed in this case, so this court contacted the trial court clerk who informed this court that no clerk's record would be filed because no documents pertaining to Miears's petition had actually been filed in the trial court, including any judgment or other appealable order of the trial court. *See* TEX. R. APP. P. 26.2.

In light of this information, we ordered Miears to file a response showing why these appeals should not be dismissed for want of jurisdiction. We advised Miears that if a supplemental clerk's record is required to establish our jurisdiction, Miears was required to ask the trial court clerk to prepare one, and notify this court that such a request was made. In response to our order, Miears filed a document in which he states that we have jurisdiction over appeals that deny relief from a pretrial writ of habeas corpus challenging the amount of bail. Attached to the response are a motion to dismiss appointed counsel, another copy of the "Petition for Writ of Habeas Corpus Excessive Bail," a motion to set the motion to dismiss and the petition, Miears's affidavit, and a motion asking this court to extend the time for the trial court to rule on the motion to dismiss and the petition. None of these documents bear a file stamp showing they were filed in the trial court.

Neither the response nor the attachments establish this court's jurisdiction, and Miears never advised that he had asked the trial court clerk for a supplemental clerk's record that would contain documents establishing our jurisdiction. As a general rule, the courts of appeals only have jurisdiction to consider appeals in criminal cases where there has been a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). However, an interlocutory appeal may be taken from an order that denies relief on a pretrial writ of habeas corpus

challenging the amount of a defendant's bond. *Id.*; *see Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005); Tex. R. App. P. 31.1. In this case, however, the trial court clerk has informed this court that she has been unable to locate any hearings on, or orders denying, the relief allegedly sought by Miears in his pretrial writ of habeas corpus. Moreover, there is no documentation establishing that Miears has even filed a petition for writ of habeas corpus in the trial court, and Miears has provided no documentation to contradict this or the trial court clerk's statements. A defendant may appeal only from a judgment of guilt or an appealable order. *See* Tex. R. App. P. 25.2(a)(2). Because there is no order from which Miears may appeal, this court lacks jurisdiction over these appeals.

Based on the foregoing, we dismiss these appeals for want of jurisdiction.

PER CURIAM

Do Not Publish