NO. 07-06-0211-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 25, 2007


______________________________



ERSKINE L.T. ALLEN, JR.,



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 22,580; HON. CECIL PURYEAR, PRESIDING


_______________________________



Abatement


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before the court is the motion of Erskine L.T. Allen, Jr. requesting that the
cause be abated to determine whether a final judgment has been entered. The record
contains no document entitled order or judgment disposing of Allen's petition for DNA
testing. Instead, it appears that he appealed due to a notation of the trial judge on
correspondence from appellant. The notation reads: "file no action by Court. Def
previously filed DNA request. There is no merit to the request. There is no DNA to be
tested. 4/19/06 /s/ C. Puryear." (Emphasis added). Like counsel, we too are unable to
discern if the notation evinces an intent to render a final, appealable order denying Allen
relief or whether it is simply an indication that the trial court did and will not act on the DNA
request. 

 Consequently, we abate the appeal and remand the cause to the 137th District
Court of Lubbock County (trial court) for further proceedings. See Dion's of Tex. v.
Shamrock Econ. Dev. Corp., No. 07-04-0050-CV, 2004 Tex. App. Lexis 7408 (Tex. App.-
Amarillo, February 25, 2005, no pet.) (holding that a court of appeals may abate an appeal
to permit clarification by the trial court of whether its order is final) (not designated for
publication). Upon remand, the trial court shall determine whether a final order has been
entered in the cause and, if so, identify that order finally disposing of Allen's request for
DNA testing. The trial court shall also cause to be developed a supplemental clerk's record
containing findings of fact and conclusions of law addressing the issues mentioned and,
if a final order has been entered, a copy of that order. Additionally, the trial court shall
cause the supplemental clerk's record to be filed with the clerk of this court on or before
February 23, 2007. Should additional time be needed to perform these tasks, the trial
court may request same on or before February 23, 2007.

 It is so ordered.

 Per Curiam

Do not publish. 



s waived. See
Proctor, 967 S.W.2d at 844. However, once the defendant raises the defense, the burden
then shifts to the State to prove that the prosecution is not barred by limitations. See id.

 In the present case, appellant properly raised the defense of limitations. Appellant
presented sufficient evidence of the application of limitations in this case by referencing the
information which, on its face, evidenced that prosecution was limitations-barred. The
State's response correctly contended that limitations are tolled while a prior information is
pending for the same offense. See Tex. Code Crim. Proc. Ann. art. 12.05(b) (Vernon
2005); McAlister v. State, 119 S.W.3d 460, 462 (Tex.App.-Fort Worth 2003, no pet.). 
However, the State failed to submit any evidence of the pendency of a prior information
relating to the possession offense nor did the State request the trial court to take judicial
notice of any prior information contained in the court's files. Because no hearing was held
on appellant's motion, the record reflects that the State failed to provide any evidence that
the limitations period applicable to the June 21, 2005 information was tolled by the
pendency of a prior information charging appellant with the same offense. (2) As this
information was limitations-barred on its face and as the State has failed to provide
evidence that the limitations period was tolled, we conclude that the trial court erred in
denying appellant's Motion to Quash and Exception to Substance of Information. 

 Accordingly, we reverse the trial court's judgment and remand this case to the trial
court for further proceedings consistent with this opinion.




 Mackey K. Hancock

 Justice



Do not publish.






1. It is a Class B misdemeanor offense to knowingly or intentionally possess a
useable quantity of marihuana in an amount less than two ounces. Tex. Health & Safety
Code Ann. § 481.121 (Vernon 2003).
2. In an attempt to supplement the appellate record, the State provided this Court a
copy of the contents of the court's file in cause number 2003-484127, which does include
a prior information filed, on May 9, 2003, against appellant for the instant offense. Also
included is an order dismissing cause number 2003-484127, signed on May 20, 2004. 
However, because our review is limited to the record made in the trial court and presented
to us in the appellate record, we cannot and do not consider this additional evidence which
was not presented to the trial court. See Cerda v. State, 644 S.W.2d 875, 877
(Tex.App.-Amarillo 1982, no pet.).