Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS








EX PARTE: 


BENJAMIN SILVA






§


 


§


 


§


 


§


 


§



§

No. 08-07-00141-CR



Appeal from


 242rd District Court


of El Paso County, Texas


(TC # 20060D01939)




O P I N I O N



 Benjamin Silva has filed notice of appeal from an order denying a pretrial writ of habeas
corpus. Pending before the Court is the State's motion to dismiss the appeal for want of jurisdiction.

 The courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases
unless that jurisdiction has been expressly granted by law. Apolinar v. State, 820 S.W.2d 792, 794
(Tex.Crim.App. 1991). An interlocutory appeal may be taken from the the denial of relief on a
pretrial writ of habeas corpus. Ex parte Smith, 178 S.W.3d 797, 801 (Tex.Crim.App. 2005). 
However, a defendant may use a pretrial writ of habeas corpus only in very limited circumstances.
Id. First, the accused may challenge the State's power to restrain him at all. Id. Second, the accused
may challenge the manner of his pretrial restraint, i.e., the denial of bail or conditions attached to
bail. Id. Third, the accused may raise certain issues which, if meritorious, would bar prosecution
or conviction. Id. A pretrial writ of habeas corpus generally may not be used to test the sufficiency
of a complaint, information, or indictment. Id. at 801-02. A pretrial writ of habeas corpus may be
used, however, to challenge the jurisdiction of the court if the face of the indictment shows that any
prosecution is barred by the statute of limitations. Id. at 802. This is because the defect is incurable
and irreparable. Id.

 The indictment alleges that Silva committed the offense of aggravated sexual assault of a
child on or about January 10, 1991. A true bill of indictment was returned on April 26, 2006. 
Appellant contends on appeal that the applicable statute of limitations is ten years under the version
of Texas Code of Criminal Procedure Article 12.01(5) in effect on the date the offense was allegedly
committed. The State, on the other hand, contends that the trial court found that the applicable
statute of limitations is ten years from the eighteenth birthday of the victim of the offense. 
Tex.Code Crim.Proc.Ann. art. 12.01(5)(Vernon Supp. 2006). If Appellant is correct, his
prosecution would be barred by limitations. This is a matter which is properly raised in a pretrial
writ of habeas corpus. We therefore have jurisdiction of this interlocutory appeal from the trial
court's denial of habeas corpus relief. The State's motion to dismiss for want of jurisdiction is
denied.



August 30, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)