Opinion filed August 31,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00162-CR 

                                                    __________

 

                            CAROL
JOHNENE MORRIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 441st District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR37161

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Carol
Johnene Morris appeals from the denial of a pretrial application for writ of
habeas corpus.  Morris filed an application for writ of habeas corpus seeking
dismissal of the indictment charging her with a theft offense in Trial Court Cause
No. CR37161.  The trial court denied Morris’s application, and she timely filed
a notice of appeal.  We affirm.[1]


            Morris
contends that the indictment should have been dismissed because the State
improperly amended the indictment without leave of court and because the
enhancement paragraphs are defective.  First, the record does not indicate that
the indictment in Trial Court Cause No. CR37161 was ever amended.  In her
application, Morris referred to the indictment in this cause as “the new”
indictment.[2] 
At the hearing on Morris’s application, the trial court pointed out that the
indictment had not been amended.  There is nothing in the record indicating
that the State improperly amended the indictment.  

            Next,
with respect to the enhancement paragraphs, we conclude that a pretrial writ of
habeas corpus is not available.  A pretrial writ of habeas corpus is an extraordinary
writ, and an application for such a writ should not be entertained when there
is an adequate remedy by appeal.  Ex parte Weise, 55 S.W.3d 617, 619
(Tex. Crim. App. 2001).  A pretrial writ of habeas corpus is cognizable only in
very limited circumstances, such as when the accused is challenging the State’s
power to restrain the accused; the manner of pretrial restraint, i.e., the
denial or conditions of bail; or certain issues that would bar prosecution or
conviction.  Ex parte Smith, 178 S.W.3d 797, 801 (Tex. Crim. App.
2005).  A pretrial writ application is not appropriate when resolution of the
question presented, even if resolved in favor of the applicant, would not
result in immediate release.  Weise, 55 S.W.3d at 619.  A pretrial writ
of habeas corpus generally may not be used to test the sufficiency of an
indictment, but it may be used to challenge the jurisdiction of the court if
the face of the indictment shows that any prosecution is barred by the statute
of limitations and that the pleading is not reparable.  Smith, 178
S.W.3d at 802-04.  Even if resolved in her favor, Morris’s complaint regarding
the enhancement paragraphs would not result in her immediate release and would
not bar the prosecution against her.  

            Morris’s
contentions are overruled, and the order of the trial court is affirmed.  

 

                                                                                                PER
CURIAM

 

August 31, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]On this same day, we have dismissed as moot Morris’s
appeal in Cause No. 11-10-00161-CR:  an appeal from the denial of a pretrial
writ of habeas corpus stemming from a separate indictment for theft, Trial Court
Cause No. CR36894, for which Morris has now been convicted. 





[2]We note that the indictment in Trial Court Cause No.
CR36894 was a reindictment.