**Opinion filed August 31, 2010**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-10-00162-CR**

_____

**CAROL JOHNENE MORRIS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37161**

## M E M O R A N D U M   O P I N I O N

Carol Johnene Morris appeals from the denial of a pretrial application for writ of habeas corpus. Morris filed an application for writ of habeas corpus seeking dismissal of the indictment charging her with a theft offense in Trial Court Cause No. CR37161. The trial court denied Morris's application, and she timely filed a notice of appeal. We affirm.[1]

Morris contends that the indictment should have been dismissed because the State improperly amended the indictment without leave of court and because the enhancement

---

[1]On this same day, we have dismissed as moot Morris's appeal in Cause No. 11-10-00161-CR: an appeal from the denial of a pretrial writ of habeas corpus stemming from a separate indictment for theft, Trial Court Cause No. CR36894, for which Morris has now been convicted.

paragraphs are defective. First, the record does not indicate that the indictment in Trial Court Cause No. CR37161 was ever amended. In her application, Morris referred to the indictment in this cause as "the new" indictment.[2] At the hearing on Morris's application, the trial court pointed out that the indictment had not been amended. There is nothing in the record indicating that the State improperly amended the indictment.

Next, with respect to the enhancement paragraphs, we conclude that a pretrial writ of habeas corpus is not available. A pretrial writ of habeas corpus is an extraordinary writ, and an application for such a writ should not be entertained when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). A pretrial writ of habeas corpus is cognizable only in very limited circumstances, such as when the accused is challenging the State's power to restrain the accused; the manner of pretrial restraint, i.e., the denial or conditions of bail; or certain issues that would bar prosecution or conviction. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). A pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *Weise*, 55 S.W.3d at 619. A pretrial writ of habeas corpus generally may not be used to test the sufficiency of an indictment, but it may be used to challenge the jurisdiction of the court if the face of the indictment shows that any prosecution is barred by the statute of limitations and that the pleading is not reparable. *Smith*, 178 S.W.3d at 802-04. Even if resolved in her favor, Morris's complaint regarding the enhancement paragraphs would not result in her immediate release and would not bar the prosecution against her.

Morris's contentions are overruled, and the order of the trial court is affirmed.

PER CURIAM

August 31, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]We note that the indictment in Trial Court Cause No. CR36894 was a reindictment.

2