ACCEPTED
03-14-00669-CR
12601055
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/8/2016 4:41:58 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00669-CR**

_____

**IN THE COURT OF APPEALS FOR THE THIRD
DISTRICT OF TEXAS**

_____

Ex parte Justin River Carter

_____

On Remand from the Court of Criminal Appeals
**\*\*\***
Originally on Appeal from the 207th Judicial District Court of Comal County,
Texas
Cause No. CR2013-159
Honorable Jack Robison Presiding

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/9/2016 12:20:00 PM
JEFFREY D. KYLE
Clerk

_____

**SUPPLEMENTAL BRIEF FOR THE STATE-APPELLEE**

_____

**Jennifer Tharp**
**Criminal District Attorney**

**By**
**Joshua D. Presley**
**SBN: 24088254**
**Assistant District Attorney**
**150 N. Seguin Avenue, Suite #307**
**(830) 221-1300**
**Fax (830) 608-2008**
**New Braunfels, Texas 78130**
**E-mail: preslj@co.comal.tx.us**
**Attorney for the State**

**Oral Argument Is Respectfully Requested**

## Issue

The Court of Criminal Appeals remanded this cause for this Court to consider "the effect of *Perry*, if any, on its reasoning and analysis in this case." *Ex parte Carter*, PD-1291-15, 2016 WL 3094331, at *1 (Tex. Crim. App. May 25, 2016) (not designated for publication). This brief will address how the limited *Ex parte Perry* expansion of pretrial habeas review is inapplicable to Appellant's case, and further discuss how "judicial economy" considerations discussed in *Ex parte Perry* support rejecting review in cases such as Appellant's.

## Summary of the Argument

As this Court has recognized both before and after *Ex parte Perry*, any expansion of pretrial habeas review must come from the Legislature or the Court of Criminal Appeals. *Ex parte Perry*'s holding was extremely limited, covering situations involving separation of powers claims and infringing on an individual's power as a government official. Notably in that opinion, the Court of Criminal Appeals itself distinguished both *Ellis* and *DeLay* on those bases. As this Court has already recognized, the record in Appellant's case has not yet been developed. Contrary to Appellant's claim that the principle of "judicial efficiency" supports review, extending pretrial habeas appellate review to situations such as Appellant's would constitute a colossal waste of judicial time and resources.

## Pretrial "As Applied" Habeas Review Is Inappropriate in Appellant's Circumstances

### a. *The Third Court has recently reaffirmed – after* Ex parte Perry *– that it is inappropriate for an intermediate appellate court to judicially expand pretrial habeas relief.*

Although *Ex parte Perry* was based on the separation of powers issue and does not impact the analysis in the instant case, notably, this Court has acknowledged subsequent to *Ex parte Perry* that it is inappropriate for an intermediate appellate court to judicially expand the availability of pretrial habeas relief. As the Court observed in *Blanchard v. State*:

> [Defendant] may not bring an as-applied challenge to the statute's constitutionality in a pre-trial writ of habeas corpus. *See, e.g., Ex parte Ellis,* 309 S.W.3d 71, 79 (Tex.2010) ("Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an 'as applied' challenge.") (citing *Ex parte Weise,* 55 S.W.3d 617, 620–21 (Tex. Crim. App. 2001)); *cf. Ex parte Perry,* 483 S.W.3d 884, 898 (Tex. Crim. App. 2016) (pre-trial habeas is available vehicle for government official to advance *as applied separation of powers claim* that alleges infringement of his own power as government official).

03-16-00014-CR, 2016 WL 3144142, at *2 n.2 (Tex. App.—Austin June 2, 2016, no pet.) (not designated for publication) (emphasis added). The Court further observed that as an intermediate appellate court, "[w]e must, in short, follow the existing law rather than change it, and we have adhered to that basic limiting principle in a variety of contexts." *Anderson v. Archer*, 490 S.W.3d 175, 177 (Tex. App.—Austin 2016, pet. filed) (citing, among other cases, *Ex parte Perry*, 483

2

S.W.3d 884, 898 (Tex. Crim. App. 2016)). Because *Ex parte Perry* was clearly based on the separation of powers issue, the Court should continue to follow the existing law rather than change it. *See id*.; *see also Ex parte Paxton*, 05-16-00004-CR, 2016 WL 3086093, at *6 (Tex. App.—Dallas June 1, 2016, no pet.) ("*Perry* reaffirms that 'as applied' challenges are not cognizable on pretrial habeas *except for certain carefully limited exceptions. See Perry,* 483 S.W.3d at 895–98. The court concluded that cases involving criminal charges *arising from an elected official's performance of his duties and implicating the separation of powers* qualify as such an exception") (emphasis added).

b. **Ex parte Perry***'s holding was limited to situations involving separation of powers issues infringing on an elected official's exercise of his power.*

**T**he Court of Criminal Appeals' holding in *Ex parte Perry* was extremely limited; the Court observed the general prohibition on pretrial habeas for as-applied challenges before carving a narrow exception based on the separation of powers principle. *See Ex parte Perry,* 483 S.W.3d 884, 898 (Tex. Crim. App. 2016); *Ex parte Paxton,* 2016 WL 3086093 at *6; *cf. Blanchard v. State,* 2016 WL 3144142 at *2 n.2. *Ex parte Perry* observed that:

> We have also said that pretrial habeas is generally not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged **….**we have stated that pretrial habeas cannot be used to advance an as-applied constitutional challenge to a statute. And we have said that pretrial

3

> habeas is unavailable "when the resolution of a claim may be aided by the development of a record at trial."

483 S.W.3d at 895. The Court then went through an examination of interlocutory habeas appeal exceptions in other jurisdictions related to the exercise of government power. *See id.* at 896 (citing, e.g., *Helstoski v. Meanor*, 442 U.S. 500, 506-07 (1979) (involving claims arising out of the United States Constitution's Speech and Debate Clause); *Nixon v. Fitzgerald*, 457 U.S. 731, 742-43 (1982) (involving "threatened breach of essential Presidential prerogatives under the separation of powers"). Quoting *Helstoski*, the Court noted that "[p]articularly for a member of Congress, however" the issuance of an indictment can be devastating. *Ex parte Perry*, 483 S.W.3d at 897. After reviewing cases involving government actors, the Court determined that:

> in light of our more aggressive enforcement of separation of powers in Texas, we hold that the type of separation of powers claim in this case may be resolved prior to trial. If a statute violates separation of powers by unconstitutionally infringing on a public official's own power, then the mere prosecution of the public official is an undue infringement on his power …. pretrial resolution of this type of separation of powers claim is necessary to ensure that public officials can effectively perform their duties. We conclude pretrial habeas is an available vehicle for a government official to advance an *as-applied separation of powers claim that alleges the infringement of his own power as a government official*.

*Id.* at 898. Notably, although the Third Court "suggested that some of the same concerns behind allowing pretrial resolution of Governor Perry's claims were also present in the *Ellis* and *DeLay* cases," the Court of Criminal Appeals actually

4

distinguished both: "neither of those cases involved a *separation of powers claim*, and the charges were based upon election activities and *not upon the public official's performance of his duties*." *Id*. n.78 (emphasis added).

The Court's holding in *Ex parte Perry* was extremely narrow and based upon cases involving similar separation of powers claims for government officials. *Id*. *Ex parte Perry*'s expansion of pretrial habeas review has no effect upon the instant case; Appellant 1) is not a government official, 2) does not allege an as-applied separation of powers claim, and obviously 3) does not allege any infringement of his power as a government official. *See id*. at 898; *see also Ex parte Paxton,* 2016 WL 3086093 at *6; *cf. Blanchard,* 2016 WL 3144142 at *2 n.2

### c. Policy considerations – including the "judicial efficiency" mentioned in Ex parte Perry – *warrant rejecting interlocutory appeals in "as applied" situations like Appellant's.*

An as-applied challenge should be brought "during or after a trial on the merits, because it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner." *Ex parte Justice*, 14-14-00951-CR, 2015 WL 5770811, at *2 (Tex. App.—Houston [14th Dist.] Oct. 1, 2015, no pet.) (not designated for publication). In *Ex parte Perry*, this concern was largely alleviated by a bill of particulars: "[a] key unresolved fact, according to the State, is whether the act constituting 'misuse' of the funds for the public

5

integrity unit is the Governor's veto…. We will hold the State to its allegation in the bill of particulars that the *veto is the sole act of misuse on which the State relies*." 483 S.W.3d at 899-900.

In the instant case, there was no "bill of particulars," nor has the State put on its case against Appellant – though he essentially wanted to hold a 'mini trial' prior to his trial on the merits. Although Appellant speculates that "[t]he only further evidence that the State may possibly wish to pursue is a smear campaign based upon statements to a childhood school counsel and alleged statement made to an ex-girlfriend some years before" (Supplemental Brief of Appellant at 7-8), such speculation is outside the record and is precisely the reason claims such as Appellant's should not be pursued pretrial. Notably, the record before the Court does not even include "State's Exhibit 8" (III R.R. at 58), Appellant's letter admitted into evidence in which the Appellant admitted to thinking of the then-recent Sandy Hook school shooting atrocity before he threatened to "SHOOT UP A KINDERGARTEN AND WATCH THE BLOOD OF THE INNOCENT RAIN DOWN … AND EAT THE BEATING HEART OF ONE OF THEM." *See Ex parte Carter*, 03-14-00669-CR, 2015 WL 5248525, at \*6 n.5 (Tex. App.—Austin Aug. 31, 2015), *petition for discretionary review granted, judgment vacated,* PD-1291-15, 2016 WL 3094331 (Tex. Crim. App. May 25, 2016).

The Court correctly observed in its opinion that an "'as applied' constitutional challenge may not be resolved pretrial because it depends on development of the specific facts of the case showing how the statute is being applied to the defendant. *Id.* at *7. Appellate courts "are careful to ensure that a pretrial writ is not misused 'to secure a pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). As the court determined in *Ex parte Paxton*:

> we conclude appellant's first issue is not cognizable on appeal of a pretrial writ because resolving it would require that we construe the statute under which appellant is charged, *it would require us to resolve disputed factual controversies*, and it would require us to *apply the statute to appellant's particular circumstances notwithstanding the existence of an adequate remedy by appeal after trial. See Perry,* 483 S.W.3d at 895; *Weise,* 55 S.W.3d at 619.

2016 WL 3086093 at *6 (emphasis added).

Because the State has not had the opportunity to develop the evidence regarding issues such as the context of the statement and Appellant's intent, pretrial resolution is inappropriate. *See Ex parte Carter*, 2015 WL 5248525, at *7. Appellant once again claims his comments were not threatening; however, as this Court has already recognized, the resolution of that claim "is dependent on the facts of the case—which have yet to be developed through trial." *Id.*

Although Appellant stresses "judicial economy" in attempting to obtain pretrial review, *Ex parte Perry* noted that "pretrial habeas enhances judicial

7

economy only if the habeas applicant wins; *it actually hinders judicial economy if the habeas applicant loses*." 483 S.W.3d at 898 n.79 (emphasis added). If every habeas applicant merely needs to assert his threat "fits within First Amendment protection,"[1] (Supplemental Brief for Appellant at 6) to obtain pretrial as-applied habeas appellate review:

1) the trial courts will necessarily be forced to conduct extensive "mini trials" before each trial;

2) the intermediate appellate courts will see a deluge of appeals attempting to resolve the matter pretrial;

3) the Court of Criminal Appeals will see a massive increase in petitions for discretionary review;

4) the vast majority of such claims will likely fail;

5) the matters will return to the trial courts for the full-blown trial – perhaps many months or years later; and

6) following trial, defendants will start the lengthy appellate process all over again.

Appellant already has an adequate remedy by appeal. *See Ex parte Paxton*, 2016 WL 3086093 at *6. Because pretrial appellate review in situations such as Appellant's would "actually hinder[] judicial economy," substantially lengthen the

---

[1] As this Court has already noted, "the challenged subsections of the terroristic threat statute do not regulate First Amendment protected speech or conduct" *Ex parte Carter*, 2015 WL 5248525, at *6 n.4.

overall process and waste valuable judicial time and resources, *Ex parte Perry* actually supports denying review in the instant case. *See* 483 S.W.3d at 898 n.79.

## **Prayer**

Wherefore, premises considered, the State respectfully prays that this Honorable Court of Appeals deny Appellant's writ in all respects. The State also prays for all other relief, in law and in equity, to which it may be entitled.

JENNIFER THARP
Criminal District Attorney

By

/s/ Joshua D. Presley
**Joshua D. Presley**
SBN: 24088254
Assistant District Attorney
150 N. Seguin Avenue, Ste. #307
New Braunfels, Texas 78130
Phone: (830) 221-1300
Fax: (830) 608-2008
E-mail: preslj@co.comal.tx.us
Attorney for the State

## CERTIFICATE OF SERVICE

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *State's Supplemental Brief* has been delivered to Appellant JUSTIN CARTER's attorney in this matter:

Chad P. Van Brunt
vanbruntlaw@live.com
210 S. St. Mary's Street
Suite 1840 – Tower Life Bldg.
San Antonio, TX 78205
*Counsel for Appellant on Appeal*

By electronically sending it to his above-listed email address through efile.txcourts.gov, this 8th day of September, 2016.

/s/ Joshua D. Presley
**Joshua D. Presley**

## Certificate of Compliance

I hereby certify, pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure that the instant brief is computer-generated using Microsoft Word and said computer program has identified that there are 2,087 words within the portions of this brief required to be counted by Rule 9.4 of the Texas Rules of Appellate Procedure.

The document was prepared in proportionally-spaced typeface using Times New Roman 14 for text and Times New Roman 12 for footnotes.

/s/ Joshua D. Presley
**Joshua D. Presley**