

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00212-CR

EX PARTE FERNANDO RODRIGUEZ MORALES

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 14527CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Fernando Rodriguez Morales appeals the trial court's order denying his application for a writ of habeas corpus.[1] Morales's application complained of bond conditions requiring his in-person attendance on dates that have already passed. Because we find the issue moot, we dismiss Morales's complaint. *See Ex parte Gutierrez Ruiz*, No. 04-23-00301-CR, 2023 WL 6453813, at *2 (Tex. App.—San Antonio Oct. 4, 2023, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Ex parte Santiago Villalobos*, No. 04-23-00305-CR, 2023 WL 5604192, at *2 (Tex. App.—San Antonio Aug. 30, 2023, orig. proceeding) (per curiam) (mem. op., not designated for publication); *In re Lozano Aguilar*, No. 04-23-00295-CR, 2023 WL 5418321, at *2 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (per curiam) (mem. op., not designated for publication).

## I. Factual and Procedural Background

As part of Operation Lone Star (OLS), Morales, a noncitizen, was arrested for trespassing on private property in Kinney County, Texas. On June 3, 2023, Morales was released on a $4,000.00 bond and transported to a border patrol station where he was promptly deported. As a condition of bond, Morales agreed to appear via Zoom at two hearings. He also agreed to appear in-person before the trial court on September 5, 2023, for a docket call and on September 11 for a jury trial. Morales was warned that "FAILURE TO APPEAR may result in a BOND FORFEITURE AND A WARRANT FOR ARREST."

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Fourth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

Because Morales had been deported and could not legally return to the United States, he filed an application for a writ of habeas corpus seeking to modify the conditions of his bond requiring him to appear in-person on September 5 and September 11 on the ground that such requirements violated his right to due process. At the September 5 pretrial hearing, the State asked for a bond forfeiture, and the trial court asked that Morales's name be called "at the courthouse steps." Even so, the record does not indicate that the bond was forfeited. It also does not show any entry for the September 11 trial and fails to indicate if a new trial setting was set.

On September 16, 2023, without an evidentiary hearing, the trial court denied Morales's application for a writ of habeas corpus.[2] Morales appeals that decision.

## II.    Morales's Complaint is Moot

The record shows that Morales was only required to appear in person on September 5 and September 11. Despite Morales's non-appearance at the September 5 hearing, the trial court learned that he did not appear in person because he was deported. The record fails to contain any consequence for non-appearance and does not show that Morales's bond was forfeited or that there is any pending trial date. Because Morales's complaints about his required in-person

---

[2]As a preliminary matter, we address our jurisdiction. The trial court's order in this case specifies that it "(1) heard and considered [Morales's] habeas application, (2) based its ruling on its [review] of the application," and "(3) denied it without an evidentiary hearing." *Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *1 (Tex. App.—San Antonio Sept. 27, 2023, no pet.) (mem. op., not designated for publication). At the September 5 pretrial hearing, the trial court commented "that just because you say they can't come back in the United States, it doesn't mean that they can't come back into the United States." As did the Fourth Court of Appeals in *Ex parte Barahona-Gomez*, we conclude that the trial court ruled on the merits and that, as a result, we have jurisdiction over this appeal. *Id.* ("clarifying an appellate court has jurisdiction over an appeal of a trial court's denial of an application for writ of habeas corpus regardless of whether the trial court refuses to issue the writ or conduct an evidentiary hearing if the trial court 'under[takes] to rule on the merits of the application'" (alteration in original)) (quoting *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Ex parte Villanueva*, 252 S.W.3d 391, 395–96 (Tex. Crim. App. 2008); *see Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam).

attendance at the September 5 pretrial hearing and September 11 trial are moot, we affirm the trial court's order denying his application for a writ of habeas corpus.[3]

Scott E. Stevens
Chief Justice

Date Submitted:    January 3, 2024
Date Decided:     January 16, 2024

Do Not Publish

---

[3]To the extent that Morales complains of a future hearing or trial setting, we find the issue not yet ripe for review since Morales does not contend that such a setting was made.

4